UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DISTRIBUIDORA INDUSTRIAL DE CALZADO S.A. d/b/a BROOKS RUNNING COSTA RICA, | CASE NO. C18-0501-JCC |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| BROOKS SPORTS, INC., JUSTIN DEMPSEY-CHIAM, and REGENCY GROUP d/b/a HARARI, INC and/or SPORTLINE AMERICA, S.A., | |
| Defendants. | |

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary,

or private information for which special protection may be warranted. Accordingly, the

parties hereby stipulate to and petition the Court to enter the following Stipulated Protective

Order. The parties acknowledge that this agreement is consistent with Local Civil Rule

26(c). It does not confer blanket protection on all disclosures or responses to discovery, the

protection it affords from public disclosure and use extends only to the limited information

1 or items that are entitled to confidential treatment under the applicable legal principles, and

2 it does not presumptively entitle parties to file confidential information under seal.

3 2.      "CONFIDENTIAL" MATERIAL

4      "Confidential" material shall include the following documents and tangible things

5 produced or otherwise exchanged:

6      • Documents revealing forecasts or strategy for future product distribution

7      • Documents relating to the parties' agreements and terms thereof;

8      • Documents relating to product sourcing or pricing;

9      • Documents reflecting confidential and sensitive financial information,

10        including without limitation, financial statements, or other similar records;

11      • Documents or other personal information regarding the parties' current and

12        former principals or employees, including without limitation, personnel files.

13 3.      SCOPE

14      The protections conferred by this agreement cover not only confidential material (as

15 defined above), but also (1) any information copied or extracted from confidential material;

16 (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

17 testimony, conversations, or presentations by parties or their counsel that might reveal

18 confidential material.

19      However, the protections conferred by this agreement do not cover information that

20 is in the public domain or becomes part of the public domain through trial or otherwise.

21 4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

22      4.1      Basic Principles. A receiving party may use material that is disclosed or

23 produced by another party or by a non-party in connection with this case only for

24 prosecuting, defending, or attempting to settle this litigation. Confidential material may be

25 disclosed only to the categories of persons and under the conditions described in this

26 agreement. Confidential material must be stored and maintained by a receiving party at a

1 location and in a secure manner that ensures that access is limited to the persons authorized

2 under this agreement.

3       4.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

4 ordered by the Court or permitted in writing by the designating party, a receiving party may

5 disclose any confidential material only to:

6       (a)      the receiving party's counsel of record in this action, as well as

7 employees of counsel to whom it is reasonably necessary to disclose the information for

8 this litigation;

9       (b)      the officers, directors, and employees (including in house counsel) of

10 the receiving party to whom disclosure is reasonably necessary for this litigation, unless the

11 parties agree that a particular document or material produced is for Attorney's Eyes Only

12 and is so designated;

13       (c)      experts and consultants to whom disclosure is reasonably necessary

14 for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

15 (Exhibit A);

16       (d)      the Court, court personnel, and court reporters and their staff;

17       (e)      copy or imaging services retained by counsel to assist in the

18 duplication of confidential material, provided that counsel for the party retaining the copy

19 or imaging service instructs the service not to disclose any confidential material to third

20 parties and to immediately return all originals and copies of any confidential material;

21       (f)      during their depositions, witnesses in the action to whom disclosure

22 is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

23 Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the

24 court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

25 confidential material must be separately bound by the court reporter and may not be

26 disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated

1   or ordered, disclosure or discovery material that qualifies for protection under this

2   agreement must be clearly so designated before or when the material is disclosed or

3   produced.

4           (a)     Information in documentary form: (*e.g.*, paper or electronic

5   documents and deposition exhibits, but excluding transcripts of depositions or other pretrial

6   or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each

7   page that contains confidential material. If only a portion or portions of the material on a

8   page qualifies for protection, the producing party also must clearly identify the protected

9   portion(s) (*e.g.*, by making appropriate markings in the margins).

10          (b)     Testimony given in deposition or in other pretrial proceedings: the

11  parties and any participating non-parties must identify on the record, during the deposition

12  or other pretrial proceeding, all protected testimony, without prejudice to their right to so

13  designate other testimony after reviewing the transcript. Any party or non-party may, within

14  fifteen days after receiving the transcript of the deposition or other pretrial proceeding,

15  designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-

16  party desires to protect confidential information at trial, the issue should be addressed

17  during the pre-trial conference.

18          (c)     Other tangible items: the producing party must affix in a prominent

19  place on the exterior of the container or containers in which the information or item is

20  stored the word "CONFIDENTIAL." If only a portion or portions of the information or

21  item warrant protection, the producing party, to the extent practicable, shall identify the

22  protected portion(s).

23      5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

24  to designate qualified information or items does not, standing alone, waive the designating

25  party's right to secure protection under this agreement for such material. Upon timely

26

correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1    If a party is served with a subpoena or a court order issued in other litigation that

2    compels disclosure of any information or items designated in this action as

3    "CONFIDENTIAL," that party must:

4         (a)    promptly notify the designating party in writing and include a copy

5    of the subpoena or court order;

6         (b)    promptly notify in writing the party who caused the subpoena or

7    order to issue in the other litigation that some or all of the material covered by the subpoena

8    or order is subject to this agreement. Such notification shall include a copy of this

9    agreement; and

10        (c)    cooperate with respect to all reasonable procedures sought to be

11   pursued by the designating party whose confidential material may be affected.

12   8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13        If a receiving party learns that, by inadvertence or otherwise, it has disclosed

14   confidential material to any person or in any circumstance not authorized under this

15   agreement, the receiving party must immediately (a) notify in writing the designating party

16   of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

17   the protected material, (c) inform the person or persons to whom unauthorized disclosures

18   were made of all the terms of this agreement, and (d) request that such person or persons

19   execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

20   Exhibit A.

21   9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

22   PROTECTED MATERIAL

23        When a producing party gives notice to receiving parties that certain inadvertently

24   produced material is subject to a claim of privilege or other protection, the obligations of

25   the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

26   provision is not intended to modify whatever procedure may be established in an e-

STIPULATED PROTECTIVE ORDER
C18-0501-JCC
PAGE - 7

discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  August 10, 2018                      DATED:  August 10, 2018

| **SLINDE NELSON** | **YARMUTH WILSDON PLLC** |
|---|---|
| By: *s/Phil Nelson*<br>Phil Nelson, WSBA No. 44466<br>111 SW Fifth Avenue, Suite 1940<br>Portland, OR  97204<br>Telephone: (503) 417-7777<br>Email: phil@slindenelson.com<br><br>*Attorney for Plaintiff Distribuidora Industrial de Calzado S.A. d/b/a/ Brooks Running Costa Rica* | By: *s/Molly A. Terwilliger*<br>Diana S. Breaux, WSBA No. 46112<br>Molly A. Terwilliger, WSBA No. 28449<br>1420 Fifth Avenue, Suite 1400<br>Seattle, WA 98101<br>Phone:  206.516.3800<br>Fax:  206.516.3888<br>Email:  dbreaux@yarmuth.com<br>        mterwilliger@yarmuth.com<br><br>*Attorneys for Defendants Brooks Sports, Inc. and Justin Dempsey Chiam* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

1

2       IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the

3 production of any documents in this proceeding shall not, for the purposes of this

4 proceeding or any other proceeding in any other court, constitute a waiver by the producing

5 party of any privilege applicable to those documents, including the attorney-client privilege,

6 attorney work-product protection, or any other privilege or protection recognized by law.

7

8 DATED: August 16, 2018_____

9

10

11

12

_____

13 Honorable John C. Coughenour
United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under

5

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

6

Order that was issued by the United States District Court for the Western District of

7

Washington on _____ in the case of DISTRIBUIDORA INDUSTRIAL DE

8

CALZADO S.A. d/b/a BROOKS RUNNING COSTA RICA, v. BRROKS SPORTS, INC.,

9

et al., Case No. 2:18-cv-00501-JCC.  I agree to comply with and to be bound by all the terms

10

of this Stipulated Protective Order and I understand and acknowledge that failure to so

11

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

12

promise that I will not disclose in any manner any information or item that is subject to this

13

Stipulated Protective Order to any person or entity except in strict compliance with the

14

provisions of this Order.

15

I further agree to submit to the jurisdiction of the United States District Court for the

16

Western District of Washington for the purpose of enforcing the terms of this Stipulated

17

Protective Order, even if such enforcement proceedings occur after termination of this

18

action.

19

Date: _____

20

City and State where sworn and signed: _____

21

Printed name: _____

22

 Signature: _____ _____

23

24

25

26

STIPULATED PROTECTIVE ORDER
C18-0501-JCC
PAGE - 10